```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEROY IVERSON                   :
                                :        CIVIL ACTION
         v.                     :
                                :        NO. 04-2275
CITY OF PHILADELPHIA            :
```

**MEMORANDUM**

**Padova, J.**                                      **June 27, 2005**

Plaintiff has brought this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Philadelphia ("City"), arising from the City's demolition of a residential building owned by Plaintiff. Presently before the Court is Defendant's Motion for Summary Judgment. For the reasons that follow, said Motion is granted.

I.   BACKGROUND

Plaintiff is the owner of the premises located at 6241 Market Street, Philadelphia, Pennsylvania (hereinafter, "Market Street premises"), which he rented out to residential tenants. On April 11, 2002, the City filed a Complaint in equity against Plaintiff in the Court of Common Pleas of Philadelphia County ("Court of Common Pleas"), alleging that Plaintiff's Market Street premises were unsafe due to various Philadelphia Code of Ordinances violations. The City sought a permanent injunction requiring Plaintiff to remedy these code violations and, should Plaintiff fail to do so, court authorization to abate the unsafe conditions by demolishing the building. Plaintiff hired counsel to represent him in the state court proceedings, and from July 17, 2002, through March 5,

2003, attended six court hearings in connection with the action. Plaintiff, however, failed to attend the final state court hearing, which was held on May 20, 2003. At this hearing, the state court judge entered an order authorizing the City and/or its contractors to demolish Plaintiff's Market Street premises (hereinafter "May 20, 2003 order). The City served a copy of the May 20, 2003 order on Plaintiff by certified and regular mail, and forwarded the order to the City's Department of Licenses and Inspections to initiate the demolition.

Plaintiff did not file a motion for reconsideration of the court's May 20, 2003 order, but rather filed a *pro se* "Motion to Vacate Default Judgment" on June 20, 2003. Plaintiff attempted to effect service on the City by mailing a copy of his motion to the Deputy City Solicitor, but due to an error in the mailing address the City's counsel never received Plaintiff's mailing. On July 31, 2003, without having received any further submissions from the City and although no default judgment had been entered, the Court of Common Pleas granted Plaintiff's "Motion to Vacate Default Judgment," and entered an order vacating default judgment on August 4, 2003 (hereinafter "August 4, 2003 order"). That same day, the Court of Common Pleas, pursuant to Pennsylvania Rule of Civil Procedure 236, gave notice of its August 4, 2003 order. In April 2004, the City caused Plaintiff's Market Street premises to be demolished.

II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). That is, summary

judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Evidence introduced to defeat or support a motion for summary judgment must be capable of being admissible at trial. Callahan v. AEV, Inc., 182 F.3d 237, 252 n.11 (3d Cir. 1999) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993)). The Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255. However, "the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion." Butler v. County of Bucks, No. Civ. A. 03-4689, 2005 WL 639721, at *3 (E.D. Pa. Mar. 18, 2005) (citing Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989)).

III. DISCUSSION

The Amended Complaint alleges a single cause of action against the City of Philadelphia for violation of Plaintiff's Fifth and Fourteenth Amendment rights to procedural due process pursuant to 42 U.S.C. § 1983. Section 1983

> provides a remedy against 'any person' who, under the color of law, deprives another of his constitutional rights. To establish a claim under § 1983, a plaintiff must allege (1) a deprivation of a federally protected right, and (2) commission of the deprivation

by one acting under color of state law. Price v. Pa. Prop. & Cas. Ins. Co. Ass'n, 158 F. Supp. 2d 547, 550 (E.D. Pa. 2001) (citing Carter v. City of Philadelphia, 989 F.2d 117, 119 (3d Cir. 1993); Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997)). Here, the parties do not dispute that the City's actions were taken under color of state law. Accordingly, the Court must only inquire into whether Plaintiff's constitutional rights were violated.

    1.   Constitutional Violation

At the outset, the City argues Plaintiff's Fifth Amendment claim must be dismissed because Plaintiff has not complained about federal action. "It is axiomatic that a plaintiff seeking relief pursuant to the Fifth Amendment must complain of federal government action." Kienle v. O'Malley, No. Civ. A. 95-2154, 1995 WL 453785, at *1 (E.D. Pa. July 24, 1995) (quotation omitted). Here, Plaintiff has not alleged any unlawful acts taken by the federal government. Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Plaintiff's Fifth Amendment claim.

The Fourteenth Amendment to the United States Constitution protects a person from state action that deprives him of "life, liberty or property, without due process of law." U.S. Const. amend. XIV § 1. "The essential principle of procedural due process is that a deprivation of life, liberty or property should be preceded by 'notice and opportunity for a hearing appropriate to

the nature of the case.'"  Price, 158 F. Supp. 2d at 552 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). Plaintiff contends that Defendant, acting under color of state law, deprived him of his Fourteenth Amendment right to procedural due process by demolishing his Market Street premises despite the Court of Common Pleas' order vacating default judgment.  The parties do not dispute that Plaintiff's interest in the demolished building is encompassed by the Fourteenth Amendment's protection of property. The parties further agree that the procedure provided by Pennsylvania state courts for the demolition of a residence that is in violation of the Philadelphia Code of Ordinances is constitutionally adequate, and do not contend that any other procedure should have been followed in this case.  However, the parties differ with respect to whether those procedures were, in fact, followed in this case.  The Court need not decide whether there is a genuine issue of material fact whether Plaintiff's constitutional rights in fact were violated, because Plaintiff has, in any event, failed to establish that municipal liability could attach in this case.

    2.   Municipal liability

It is well established that mere fact "[t]hat a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation."  Board of County Comm'rs of Bryan

6

County, Oklahoma v. Brown, 520 U.S. 397, 406 (1997). The City argues that municipal liability does not attach and it is entitled to the entry of summary judgment in its favor because (1) Plaintiff cannot establish that his Fourteenth Amendment right to procedural due process was violated as a result of a policy, custom or practice of the City of Philadelphia; and (2) Plaintiff has failed to present scienter-like evidence of indifference on part of a particular policymaker. It is well-established that the City cannot be held liable under Section 1983 "*solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. New York City Dept. of Soc. Serv., 436 U.S. 658, 691 (1978) (emphasis in original). The Supreme Court concluded in Monell that:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Id. at 694. "To establish municipal liability under Monell, a plaintiff must 'identify the challenged policy, [practice or custom], attribute it to the city itself, and show a causal link between the execution of the policy, [practice or custom] and the injury suffered.'" Martin v. City of Philadelphia, No. Civ. A. 99-

543, 2000 WL 1052150, at *10 (E.D. Pa. July 24, 2000) (quoting Fullman v. Phila. Int'l Airport, 49 F. Supp. 2d 434, 445 (E.D. Pa. 1999)) (additional citations omitted).  A government's policy is established when "a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict."  Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986)).  A course of conduct becomes a custom when, "though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law."  Id. (quoting Monell, 436 U.S. at 690).  It is the plaintiff's burden to show that "a policymaker is responsible either for the policy or, through acquiescence, for the custom."  Id.  A policymaker is an official with "final, unreviewable discretion to make a decision or take an action."  Id. at 1481 (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 142 (1988)).  Even high ranking officials are not policymakers for purposes of Section 1983 if their decisions are constrained by policies put into place by others, or if their decisions are reviewable.  Praprotnik, 485 U.S. at 127 (emphasis in original).

"The Third Circuit has held that plaintiffs can establish liability based solely on a municipal policy or custom if the plaintiffs have both connected the policy to a constitutional injury and adduced evidence of scienter on the part of a municipal

8

actor with final policymaking authority in the areas in question." Hansberry v. City of Philadelphia, 232 F. Supp. 2d 404, 412 (E.D. Pa. 2002) (quotation omitted). Accordingly, to state a valid Section 1983 claim against a municipality, "plaintiffs must 'present scienter-like evidence of indifference on the part of a particular policymaker or policymakers.'" Butler, 2005 WL 639721, at *5 (quoting Beswick v. City of Philadelphia, 185 F. Supp. 2d 418, 427 (E.D. Pa. 2001)).

The City argues that summary judgment should be entered in its favor because Plaintiff has failed to produce any evidence that the City maintained a policy, practice, or custom of demolishing individually owned buildings without proper court authorization. Indeed, the only evidence provided by Plaintiff in support of his contention that the City followed a policy, practice, or custom when it demolished his Market Street premises despite the August 4, 2003 order is his own affidavit. In his affidavit, Plaintiff states that "the actions of the City and its agents in this case are consistent with its actions in similar cases." (Resp. Ex. B.) Plaintiff, however, has not identified a single other incident in which the City demolished an individual's building, much less any incident in which the City did so although the court order authorizing the demolition had been vacated.

To the extent Plaintiff brings his Fourteenth Amendment claim on the basis of a single incident, the Court notes that "an

9

unconstitutional policy [may] be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business." Brennan v. Norton, 350 F.3d 399, 428 (3d Cir. 2003) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (plurality opinion)).  A plaintiff who brings a cause of action under Section 1983 based on a single decision by a municipality must not only produce evidence that the municipality acted and the plaintiff suffered a deprivation of federal rights, but also establish fault and causation.  See Board of County Comm'rs of Bryan County, 520 U.S. at 406.  Here, Plaintiff has failed to identify who ultimately decided to order the demolition of his Market Street premises on behalf of the City, much less demonstrated that this person was "the highest official[] responsible for setting policy in that area of the [City's] business."  Brennan, 350 F.3d at 428.

It is well established that "the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion."  Butler, 2005 WL 639731, at *3.  As Plaintiff has not supported his assertions, allegations, and suspicions with any evidence whatsoever, the Court finds that Plaintiff has failed to establish a genuine issue of material fact as to whether the City was following a policy, custom or practice when it demolished Plaintiff's Market Street premises despite the Court of Common

Pleas' August 4, 2003 order. Accordingly, the City's Motion for Summary Judgment is granted with respect to Plaintiff's Fourteenth Amendment claim.[1]

IV. CONCLUSION

For the foregoing reasons, the City's Motion for Summary Judgment is granted.

An appropriate order follows.

---

[1] The Court further notes that Plaintiff has similarly failed to present any evidence which would establish "scienter on the part of a municipal actor with final policymaking authority in the areas in question." Hansberry, 232 F. Supp. 2d at 412 (quotation omitted). Indeed, Plaintiff has not identified a single municipal actor, much less produced any scienter-like evidence of deliberate, willful, wanton or reckless conduct.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEROY IVERSON                    :
                                 :         CIVIL ACTION
         v.                      :
                                 :         NO. 04-2275
CITY OF PHILADELPHIA             :
```

**ORDER**

**AND NOW,** this 27th day of June, 2005, upon consideration of Defendant's Motion for Summary Judgment (Docket No. 18) and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** in its entirety, and judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's claims.

```
                                 BY THE COURT

                                 /s/ John R. Padova
                                 _____
                                 John R. Padova, J.
```